FILED
2021 Jul-07  PM 03:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Group Exhibit A

ELECTRONICALLY FILED
6/9/2021 5:49 AM
47-CV-2021-900709.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>47<br><br>Date of Filing:<br>06/09/2021 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA**
**TONYA JOHNSON v. I.Q. DATA INTERNATIONAL, INC.**

**First Plaintiff:** ☐ Business  ☑ Individual    **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                              ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING      A ☐ APPEAL FROM        O ☐ OTHER
                                          DISTRICT COURT

           R ☐ REMANDED              T ☐ TRANSFERRED FROM
                                          OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☐ YES  ☑ NO    Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| WAT056 | 6/9/2021 5:49:04 AM | /s/ JOHN GRIFFIN WATTS |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**   ☐ YES  ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☐ NO


ELECTRONICALLY FILED
6/9/2021 5:49 AM
47-CV-2021-900709.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
DEBRA KIZER, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | | |
|---|---|---|
| TONYA JOHNSON, | ) | |
| an individual, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.:** |
| | ) | |
| I.Q. DATA INTERNATIONAL, | ) | |
| INC., a Corporation; | ) | |
| Fictitious Defendants "A", "B" and | ) | |
| "C" thereby intending to refer to | ) | |
| the legal entity, person, firm or | ) | |
| corporation which was responsible | ) | |
| for or conducted the wrongful acts | ) | |
| alleged in the Complaint; Names of | ) | |
| the Fictitious parties are unknown | ) | |
| to the Plaintiff at this time but will | ) | |
| be added by amendment when | ) | |
| ascertained | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendant[1] states as follows:

1.    This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act[2], 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of

---

[1] "Defendant" means all defendants, including fictitiously named defendants.
[2] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts of each statute.

-1-

the Fair Credit Reporting Act[3], 15 U.S.C. § 1681 et seq. (hereinafter "FCRA") and out state law violations by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## PARTIES

2.    Plaintiff Tonya Johnson (hereinafter "Plaintiff") is a natural person who is a resident of Alabama.

3.    Defendant **I.Q. Data International, Inc.,** ("**I.Q. Data**") is a foreign debt collection firm that engages in the business of debt collection.  Its principal business purpose is the collection of debts and it uses various instruments of interstate commerce to accomplish debt collection including sending letters, calling on the phone, credit reporting, etc. and it is also a "furnisher" under the FCRA as it provides or furnishes data to the credit reporting agencies.

4.    Fictitious Defendants "A", "B" and "C" thereby intending to refer to the legal entity, person, firm or corporation which was responsible for or conducted the wrongful acts alleged in the Complaint; names of the Fictitious parties are unknown to the Plaintiff at this time but will be added by amendment when ascertained.

5.    Any reference to any Defendant or to **I.Q. Data** refers to all Defendants and Fictitious Defendants.

---

[3] Any reference the FCRA or any part thereof encompasses all relevant parts and subparts of each statute.

## JURISDICTION

6.    Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the State of Alabama and this suit arises out of Defendant's specific conduct with Plaintiff in Alabama.   All the actions described in this suit occurred in Alabama.

## VENUE

7.    Venue is proper as Defendant does business in this judicial district.

## FACTUAL ALLEGATIONS

8.    Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.   15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)    There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b)    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)    **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)    It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection**

**practices are not competitively disadvantaged,** and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

9. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. This debt was an apartment lease debt for Plaintiff to live at an apartment.

11. Ultimately the Plaintiff and Stone Crossing Apartments were in a lawsuit in Madison County, Alabama.

12. On October 18, 2019, a final order was issued requiring Plaintiff to leave the premises by November 20, 2019.

13. Plaintiff left the premises on November 11, 2019.

14. Plaintiff paid $498 on November 20, 2019 which was more than Plaintiff was required to pay.

15. Stone Crossing Apartments was required to render to Plaintiff a statement with all claimed damages taking into account her security deposit by December 31, 2019.

16. Stone Crossing Apartments failed to do so.

17. Thus, under the order, no further money was owed by Plaintiff to Stone Crossing Apartments.

18.  In addition, Defendant **I.Q. Data** acknowledged that the judgment was satisfied by Plaintiff Johnson.

19.  There was a security deposit of approximately $350 that was not returned to Plaintiff and there were no damages owed to Stone Crossing Apartments or damage to the apartment.

20.  **I.Q. Data** is charging amounts that are not owed as Plaintiff owes nothing to it or to the apartment complex.

21.  **I.Q. Data** is considered a "debt collector" and began engaging in debt collection activities against Plaintiffs.

22.  The primary and principal business of **I.Q. Data** is to collect alleged defaulted debts.

23.  **I.Q. Data** claimed Plaintiff owed **I.Q. Data** money and credit reported on Plaintiff with one or more consumer reporting agencies.

24.  **I.Q. Data** sent a letter dated June 22, 2020, to Plaintiff which contains numerous errors and misrepresentations.

25.  The amount claimed is false.

26.  The letter does admit, correctly, that the judgment was satisfied by Plaintiff in November 2019.

27.   The letter falsely claims, "Please be advised we are unable to speak with any third party such as the BBS, or credit bureaus regarding your debt as you have not signed an Authorization For Release of Information Form with us."

28.   This is a complete fabrication of the law.

29.   **I.Q. Data** has repeatedly communicated with the credit bureaus.

30.   No law requires an authorization form from Plaintiff for **I.Q. Data** to respond truthfully to the credit bureaus.

31.   This was merely one of the lies told by **I.Q. Data** to Plaintiff in an attempt to force Plaintiff to pay a debt that **I.Q. Data** knew was not and is not owed.

32.   The collection methods employed by **I.Q. Data** were harassing and illegal.

33.   Plaintiff has disputed numerous times to the credit bureaus about **I.Q. Data's** false credit reporting.

34.   **I.Q. Data** is not reporting on any reports except for Experian as the other bureaus found the reporting to be so inaccurate that they removed it.

35.   **I.Q. Data** was notified by the credit bureaus and has, on at least one occasion in the last 24 months, verified and/or otherwise reported false information back to the credit bureaus in response to a dispute initiated by the Plaintiff to the credit bureaus.

36.   If **I.Q. Data** had conducted a reasonable investigation (as required by the FCRA) then it would have told the credit bureaus to delete the false account and false balance that **I.Q. Data** had reported.

37.   The conduct of **I.Q. Data** violates Section 1681s-2(b).

38.   All of the above-described actions by Defendant and collection agents of **I.Q. Data** were made in violation of the FDCPA and the FCRA.

39.   The above-detailed conduct by this **I.Q. Data** of harassing Plaintiff in an effort to continue to collect this debt was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

40.   **I.Q. Data**'s repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law created an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

41.   The conduct of the **I.Q. Data** has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish along with physical manifestations, and other damages that will be presented to the trier of fact.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

42.  **I.Q. Data** negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

43.  The acts and omissions of **I.Q. Data** and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including, but not limited to, violations of 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f and 1692f(1).

44.  As a result of **I.Q. Data**'s violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages and reasonable attorney's fees and costs from **I.Q. Data**.

### COUNT II.

### INVASION OF PRIVACY

45.  Alabama law recognizes Plaintiff's right to be free from invasions of privacy and **I.Q. Data** violated Alabama state law as described in this Complaint.

-8-

46.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

47.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

48.   **I.Q. Data** and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

49. **I.Q. Data** and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

50. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

51. The conduct of this **I.Q. Data** and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this **I.Q. Data** which occurred in a way that would be highly offensive to a reasonable person in that position.

52. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from **I.Q. Data**.

53. All acts of **I.Q. Data** and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such I.Q. **Data** is subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

54. **I.Q. Data** negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the

-10-

Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV

## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

55. **I.Q. Data** owes a duty to anyone it comes in contact with to act reasonably so as to not unreasonably cause harm.

56. **I.Q. Data** owes a duty to consumers against whom it is collecting to act reasonably.

57. **I.Q. Data** assumed a duty to Plaintiff against whom it is collecting to act reasonably.

58. All of the actions described in this Complaint demonstrate that the **I.Q. Data** did not act reasonably toward the Plaintiff.

59. The **I.Q. Data**, by its described conduct, breached its duty to act reasonably toward the Plaintiff.

60. **I.Q. Data** proximately caused injuries and damages to Plaintiff which were of the precise nature that **I.Q. Data** anticipated causing when it breached its duty to act reasonably.

61. **I.Q. Data** knew, or should have known, that its conduct was likely to lead to the Plaintiff's injuries yet it acted despite this knowledge.

62.   **I.Q. Data** acted with full knowledge and with the design and intent to cause harm to Plaintiff.

63.   **I.Q. Data** was successful in its design, intent, and plan to cause harm to Plaintiff and this is the corporate policy of **I.Q. Data** when dealing with consumers who do not pay debts that **I.Q. Data** alleges are owed.

64.   **I.Q. Data** acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

65.   **I.Q. Data** violated all of the duties **I.Q. Data** had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

66.   It was foreseeable, and **I.Q. Data** did in fact foresee it, the actions of the **I.Q. Data** would lead and did lead to the exact type of harm suffered by Plaintiff.

67.   **I.Q. Data** acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

68.   **I.Q. Data** invaded the privacy of Plaintiff as set forth in Alabama law.

69.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

70.    As a result of this conduct, action, and inaction of **I.Q. Data**, Plaintiff has suffered damage as set forth in this Complaint and is entitled to compensatory, nominal, and punitive damages.

## COUNT V.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq.

71.    **I.Q. Data** is a furnisher of information to credit bureaus.

72.    One or more of the credit bureaus timely and properly notified **I.Q. Data** that Plaintiff had disputed directly with the credit bureaus about credit reporting furnished by **I.Q. Data** and this obligated **I.Q. Data** to perform a reasonable investigation.

73.    Any information found to be incomplete, inaccurate, or that could not be verified was to be removed by **I.Q. Data**.

74.    Unfortunately, **I.Q. Data** failed to perform its duties under the law and as a result **I.Q. Data** left false information on Plaintiff's credit reports.

75.    **I.Q. Data** violated Section 1681s-2(b) of the FCRA.

76.    The violations of the law by **I.Q. Data** were committed with negligence, wantonness, malice and were willful.

77.    As a result of **I.Q. Data**'s violations of the FCRA, Plaintiff is entitled to actual damages, punitive damages, statutory damages and reasonable attorney's fees and costs from **I.Q. Data**.

-13-

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**/s/ John G. Watts**
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**Serve defendant via certified mail at the following address:**

I.Q. Data International, Inc.
CORPORATION SERVICE COMPANY INC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

-14-



AlaFile E-Notice

47-CV-2021-900709.00

To:  I.Q. DATA INTERNATIONAL, INC.
     CORPORATION SVC CO INC
     641 SOUTH LAWRENCE STREET
     MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

TONYA JOHNSON V. I.Q. DATA INTERNATIONAL, INC.
47-CV-2021-900709.00

The following complaint was FILED on 6/9/2021 5:49:07 AM

Notice Date:     6/9/2021 5:49:07 AM

DEBRA KIZER
CIRCUIT COURT CLERK
MADISON COUNTY, ALABAMA
MADISON COUNTY, ALABAMA
100 NORTHSIDE SQUARE
HUNTSVILLE, AL, 35801

256-532-3390

DEFENDANT'S COPY

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2021-900709.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### TONYA JOHNSON V. I.Q. DATA INTERNATIONAL, INC.

**NOTICE TO:** I.Q. DATA INTERNATIONAL, INC., CORPORATION SVC CO INC 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of TONYA JOHNSON pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 06/09/2021 | /s/ DEBRA KIZER | By: | *A m* |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ JOHN GRIFFIN WATTS

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____

*(Date)*

_____

*(Address of Server)*

_____    _____

*(Type of Process Server)*      *(Server's Signature)*

_____    _____

*(Server's Printed Name)*      *(Phone Number of Server)*



**DEBRA KIZER, CIRCUIT CLERK**
CIRCUIT COURT DIVISION
100 NORTH SIDE SQUARE
HUNTSVILLE, ALABAMA 35801-4820

OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**



7020 2450 0001 5085 5121



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 35801     $ 008.05⁰
02 4W
0000373525 JUN. 10. 2021.

ORIGINAL

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>47-CV-2021-900709.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA
### TONYA JOHNSON V. I.Q. DATA INTERNATIONAL, INC.

**NOTICE TO:** I.Q. DATA INTERNATIONAL, INC., CORPORATION SVC CO INC 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of TONYA JOHNSON pursuant to the Alabama Rules of the Civil Procedure.                                                                 *[Name(s)]*

| 06/09/2021 | /s/ DEBRA KIZER | By: | |
| --- | --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ JOHN GRIFFIN WATTS

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

7020 2450 0001 5085 5121

U.S. Postal Service
CERTIFIED MAIL
Domestic Mail Only
For delivery information, visit

...ons and Complaint or other document to _____ *(Date)*

_____ County,

*(Name of County)*

*(Address of Server)*

*(Server's Printed Name)*          *(Phone Number of Server)*

**47-CV-2021-900709.00**
TONYA JOHNSON V. I.Q. DATA INTERNATIONAL, INC.

| C001 - TONYA JOHNSON | v. | D001 - I.Q. DATA INTERNATIONAL, INC. |
| --- | --- | --- |
| *(Plaintiff)* | | *(Defendant)* |



**SERVICE RETURN COPY**

# SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**I.Q. DATA INTERANTIONAL INC.**

**CORPORTION SVC CO INC**

**641 South Lawrence Street**

**Montgomery, AL 36104**



9590 9402 6314 0274 8965 69

2. Article Number *(Transfer from service label)*

7020 2450 0001 5085 5121

# COMPLETE THIS SECTION ON DELIVERY

A. Signature

*Kelly Webster*

☑ Agent
☐ Addressee

B. Received by *(Printed Name)*       C. Date of Delivery

6-14-21

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

CV 2021-900709

FILED IN OFFICE

JUN 22 2021

DEBRA RIZER
Clerk, Circuit Court, Madison Co., AL

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

## USPS TRACKING #



9590 9402 6314 0274 8965 69

**First-Class Mail**
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Debra Kizer, Clerk

Madison County Circuit Civil

100 Northside Square

Room 821

Huntsville, AL 35801

